United States District Court
Southern District of Texas
**ENTERED**
June 18, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAIHAT CORPORATION, § § Plaintiff, § § v. § § DEUTSCHE BANK NATIONAL TRUST § COMPANY, AS TRUSTEE FOR § AMERIQUEST MORTAGE SECURITIES, § INC., § § Defendant. § | CIVIL ACTION NO. H-18-1446 |

**MEMORANDUM AND ORDER**

This is a mortgage-foreclosure case. Saihat Corporation, which purchased the property at a constable's sale, seeks a declaratory judgment that it owns the property and an injunction preventing Deutsche Bank National Trust Company, which holds the deed of trust, from selling. (Docket Entry No. 1, Ex. C-1). Deutsche Bank timely removed and moved to dismiss. (Docket Entries No. 1, 3). Saihat responded and alternatively moved for leave to file an amended complaint. (Docket Entry No. 4). The motion for leave to amend is granted, and the motion to dismiss is denied as moot. Saihat must file an amended complaint that corrects the deficiencies identified and sets out additional facts plausibly supporting its claims by **July 13, 2018**.

**I.     Background**

Alicia Moya bought the property from Riku Melartin in February 2003 and recorded the contract for the sale in May 2003. In November 2003, Melartin obtained a loan from Argent Mortgage secured by a deed of trust for the same property he had previously sold to Moya. After a state court entered a judgment against Melartin, Saihat bought the property at a constable's sale in July 2009. In October 2009, that deed of trust was assigned to American Home Mortgage

Servicing, Inc. In December 2009, Deutsche Bank, as the trustee for American Home Mortgage, listed the property at a trustee's sale. Saihat argues that by doing so, Deutsche Bank accelerated the debt, making the deed of trust unenforceable when Deutsche Bank did not foreclose on the property within four years of acceleration. (Docket Entry No. 1, Ex. C1) (citing TEXAS CIV. PRAC. & REM. CODE § 16.035).

## II. The Legal Standard

Rule 15(a)(1)(B) allows parties to amend once within 21 days after being served with a 12(b)(6) motion to dismiss. FED. R. CIV. P. 15(a)(1)(B). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

Courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v.*

*Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility. *Id.* (internal quotation marks omitted).

**III.    Analysis**

Saihat argues that Deutsche Bank does not have an enforceable deed of trust because American Home Mortgage Servicing did not foreclose on its deed of trust within four years from the date of acceleration. (Docket Entry No. 1, Ex. C1). Although a notice of trustee's sale can be part of the process of proving that a debt was accelerated, it is not sufficient without some indication that the notice of intent to accelerate was provided to the borrower. *Burney v. Citigroup Glob. Markets Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas 2008, no pet.) ("We find instructive cases involving nonjudicial foreclosures that hold that a notice of a trustee's sale is sufficient to constitute notice of acceleration if preceded by the required notice of intent to accelerate."). Saihat's state-court petition does not allege that notice of intent to accelerate was provided to the borrower. (Docket Entry No. 1, Ex. C-1). Without factual allegations showing that the debt was accelerated, Saihat does not have a plausible claim for relief.

Saihat has not amended since the case was removed to federal court. It may file an amended complaint to cure the identified deficiencies, including alleging that Deutsche Bank provided the borrowers with notice of intent to accelerate, and a fuller, more thorough description of the facts entitling it to relief. Because an amended complaint may plausibly support its claims against Deutsche Bank, amendment is not futile.

There is no undue delay because Saihat moved for leave to amend on May 24, 2018, two weeks after Deutsche Bank removed to federal court. Saihat's motion is not filed in bad faith; and amendment will not prejudice Deutsche Bank because the case was recently removed and no hearings or an initial conference have been held, and formal discovery has not begun.

The motion for leave to amend, (Docket Entry No. 4), is granted. Saihat must file an amended complaint that complies with the federal pleading standards and that corrects the deficiencies identified.

**IV. Conclusion**

Saihat Corporation's motion for leave to amend, (Docket Entry No. 4), is granted, and the motion to dismiss, (Docket Entry No. 3), is moot. Saihat must file its amended complaint by **July 13, 2018**.

SIGNED on June 18, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge